Parker C. J.
[After remarking that in point of law the facts did not show a title to the way in the plaintiff] The continued use of the way and the bridge by the plaintiff’s father and himself for more than twenty years, the keeping up and repairing of the bridge, and the passing of the river in the same place in a boat when the bridge was down, show a continuity of possession sufficient to warrant a presumption of a grant ; and we have no doubt a right to an easement may be so proved in this country, as well as in England.[1] *498 But here, as well as there, the possession, to be attended with this consequence, must be adverse, and whether it were or not, is always a fact to be ascertained by the jury. The difficulty we find in supporting the verdict as it new stands is, that this question does not appear to have been referred to the jury, and it is not competent to the Court to settle it On this ground a new trial was granted.

 See Sherwood v. Burr, 4 Day, 244 ; Chalker v. Dickenson, 1 Connect. R. 382 ; Ingraham v. Hutchinson, 2 Connect. R. 584 ; Richard v. Williams, 7 Wheat. 59 ; Campbell v. Wilson, 3 East, 294 ; Gray v. Bond, 2 Brod. & Bingh. 667 ; Keymer v. Summers, Bull. N. P. 74 ; Melvin v. Whiting, 10 Pick. 295 ; Turnbull v. Rivers, 3 M'Cord, 131 ; Cuthbert v. Lawton, id. 194 ; Commonwealth v. Low, 3 Pick. 408 ; Lawton v. Rivers, 2 M'Cord, 451; Coucier v. *498 Graham, 1 Ohio R. 349. From a user of thirty-five .years a jury may presume a ferry had a legal origin. Trotter v. Harris, 2 Young & Jerv. 285.
The non-user of a way for twenty years, unaccounted for, affords a pre sumption of a release or surrender of the right. See per Abbott C. J. in Dot v. Hilder, 2 Barn. & Ald. 791 ; per Littledale J. in Littleton v. Cross, 3 Barn & Cressw. 339 ; Wright v. Freeman, 5 Harr. & Johns. 477 ; Hoffman v. Savage, 15 Mass. R. 130 ; Emerson v. Wiley, 10 Pick. 310 ; Jenk. 12 ; 2 Inst 653 ; Yelv. (by Metcalf,) 142, n. 1 ; Thomas v. Sorrell, Vaugh. 341 ; Beards lee v. French, 7 Connect. R. 125. But see White v. Crawford, 10 Mass. R 183 ; Comstock v. Van Deusen, 5 Pick 163.