JAMES CONNOR *vs.* MURTY SULLIVAN.

A single instance of attempted interruption of an adverse user, resulting in no actual interruption, and followed by no attempt to test the right, does not necessarily destroy the presumption of a grant founded upon the user.

Such a fact is to be submitted to the jury, with all the circumstances attending it, to have its natural and proper weight according to those circumstances, upon the question whether the user fairly indicates a grant.

TRESPASS *qu. cl. fr.*, brought to the Court of Common Pleas for New London County, and tried to the court on the general issue, with notice of a claim of right of way, before *Willey, J.*

On the trial the plaintiff showed title by deed to the premises described in the declaration; and the defendant claimed that he was entitled to a right of way over the same. The premises lie in front of the defendant's house, access to which from the street is inconvenient, if not made over the premises. The defendant introduced evidence to show, and claimed that he had shown, that he and his grantor had passed over the premises in going from the street to the house for a continuous period of more than fifteen years, claiming a right of way,

Connor *v.* Sullivan.

and exercising and maintaining the right adversely to the claims of the plaintiff and his grantors. The plaintiff introduced the testimony of one Hollohan, the plaintiff's grantor, to the effect that in the year 1861, soon after the defendant obtained title to his premises, he forbade the defendant using the way, and commenced putting up a fence so as to prevent him from passing over it, and that the defendant told Hollohan that if he erected the fence he would tear it down, and that he did pull up a post which Hollohan had set in the ground for the purpose of making the fence, and by his threats drove him away and prevented him from erecting the fence.

The plaintiff thereupon asked the court to rule that the defendant had not gained a right of way over the land, and that in order to gain a right of way by user, the use must be uninterrupted under a claim of right adverse to and *acquiesced* in by the owner of the land, and that the testimony of Hollohan showed that the user had not been uninterrupted, and that he had never acquiesced in the claim of the defendant to a right of way over the premises.

The court, having found that the defendant and his grantor had used the way continuously for a period of more than fifteen years, under a claim of right, adversely to the claims of the plaintiff and his grantors, ruled that the acts and declarations of Hollohan, the plaintiff's grantor, not being followed by suit or any proceedings to test the right of way, would not prevent the defendant from gaining a right of way, and gave judgment for the defendant.

The plaintiff moved for a new trial for error in this ruling of the court.

*Thresher*, in support of the motion.

1. In order that the use of an easement in another's land for fifteen years may be conclusive of the right, the party claiming the easement must not only prove the user for fifteen years, but that it was continued, uninterrupted, and adverse, that is, under a claim of right, with the knowledge and acquiescence of the owner. Title by adverse user is based upon the presumption of a grant which has been lost. Pre-

Connor *v.* Sullivan.

sumptions of this nature are founded upon the consideration that the facts are such as could not, according to the ordinary course of human affairs, occur, unless there was an existing adverse title in the party in possession. And if, before the expiration of fifteen years from the time the right was first claimed, the owner of the land resists the exercise of the right, or denies its existence, the presumption of a grant is rebutted, his acquiescence is disproved, and the essential elements of a title to an easement by adverse user are shown not to exist. Washb. on Easements, 67, 112; *Sargent* v. *Ballard*, 9 Pick., 251; *Arnold* v. *Stevens*, 24 id., 112; *Curtis* v. *Angier*, 4 Gray, 547; *Powell* v. *Bagg*, 8 id., 441; *Barnes* v. *Haynes*, 13 id., 188; *Cotton* v. *Pocasset Manuf. Co.*, 13 Met., 429; *Blake* v. *Everett*, 1 Allen, 248; *Daniel* v. *North*, 11 East, 372; *Bradley Fish Co.* v. *Dudley*, 37 Conn., 136; 2 Phill. Ev. (C. & H. ed.), 373, note 315; 4 id., 196; 3 Kent Com., 444; 2 Greenl. Ev., § 539; 2 Wms. Saund., 175 *b*.

2. All of the authorities are agreed that the use must be uninterrupted. The court below seemed to think that nothing more is intended by this than that it should be continuous, but the decisions show very clearly that such a view of its meaning is entirely too narrow. It must not only be continuous, but unobstructed, undisturbed, and undisputed. Angell on Limitations, § 4; *Coolidge* v. *Learned*, 8 Pick., 504; *Sargent* v. *Ballard*, 9 id., 254; *Melvin* v. *Whiting*, 10 id., 295; *Barnes* v. *Haynes*, 13 Gray, 188; *Lund* v. *Parker*, 3 N. Hamp., 50; *Pritchard* v. *Atkinson*, 4 id., 15; *Barker* v. *Clark*, id., 380; *Gilman* v. *Tilton*, 5 id., 231; *Sherwood* v. *Burr*, 4 Day, 249; *Livett* v. *Wilson*, 3 Bing., 115; *Cross* v. *Lewis*, 2 Barn. & Cress., 686. The acts of Hollohan were sufficient to give the defendant a right of action against him for disturbing or interrupting his right of way, if he had already gained one, and it would seem to follow that they constituted such an interruption as would prevent him from gaining a right of way.

*Pratt* and *Swan*, with whom was *Wait*, contra, cited Angell

on Limitations, § 381; Washb. on Easements, 87; *Fanning* v. *Willcox*, 3 Day, 258; *Chalker* v. *Dickinson*, 1 Conn., 382; *Ingraham* v. *Hutchinson*, 2 id., 584; *Bradley Fish Co.* v. *Dudley*, 37 id., 136.

SEYMOUR, J. The defendant claimed a way over the plaintiff's land by user, the issue being to the court. The judge finds that the defendant and his grantor had used the way continuously for a period of more than fifteen years under a claim of right adversely to the claims of the plaintiff and his grantors. The issue is thereupon found for the defendant.

The plaintiff asks for a new trial by reason of the following facts. In 1861 the plaintiff's grantor forbade the defendant using the way, and commenced putting up a fence to prevent the use. The defendant told him that if he erected the fence he would tear it down, and did pull up a part of the fence which had been set in the ground, and by threats drove him away and prevented him from erecting the fence.

The court ruled that these acts and declarations of the plaintiff's grantor, not being followed by suit or any proceedings to test the title to the premises, would not prevent the defendant from gaining a right of way over the same.

The question for us to decide, is, whether this ruling of the court below is or is not correct.

The ultimate question in the Court of Common Pleas was one of fact—whether, upon the user proved, a grant of the way was fairly to be inferred. The occurrences of 1861, above stated, were important and relevant facts, bearing upon the issue which the court was to pass upon. The testimony regarding these occurrences was not rejected as immaterial, but being received and weighed the court refused to treat them as of controlling effect, so as in point of law to destroy the presumption of a grant of the way which the adverse and continued user of fifteen years was held to prove.

We are by no means disposed to facilitate the acquisition of rights of way by mere user. We are satisfied that injustice is sometimes done in the application of the rules of law

on this subject, and we are not sure that upon the facts as shewn by this record we should have come to the same conclusion which was reached in the Court of Common Pleas. But all the cases agree that the existence of the supposed lost grant on which the way is claimed, is a question for the jury, and the jury are warranted in finding the issue in favor of the right of way if the user has been for fifteen years continuous and adverse and uninterrupted. They are also, on the other hand, warranted in finding against the right of way if the user has not been peaceful and acquiesced in; *pacifica et per patientiam via domini.* But we think it has never been held that an isolated instance of attempted interruption of the user, resulting in no actual interruption, and followed by no attempt to test the right, would as matter of law necessarily destroy the presumption of a grant founded on a user in other respects sufficient. The most that the owner of the land can claim for such an attempted interruption is that it should be submitted to the jury, with all the circumstances connected with it, to have its natural and proper weight according to those circumstances upon the main question, to wit, whether the user fairly indicates the existence of a lost grant. The plaintiff in this case made an effort to interrupt the defendant's use of the way, but desisted from the effort when he found the defendant resolute in asserting his right. No explanation being offered, the plaintiff seems to have concluded to acquiesce in the defendant's claim of right. Such an acquiescence after a feeble struggle seems more significant than it would have been without such brief contest. The plaintiff's conduct was undoubtedly open to proof and explanation. If there were circumstances in the relative position of the parties indicating that the plaintiff's free action was controlled by fear or that he was too poor to enforce his rights at law, that might have been shewn. So on the part of the defendant evidence would have been admissible to shew that the plaintiff desisted from his attempt at interruption because on enquiry he became satisfied that the defendant's rights were such that they could not successfully be contested.

The case of *well* v. *Bagg*, 8 Gray R., 441, was cited

by the plaintiff's counsel as holding that any act of the plaintiff contradicting the supposed right of the defendant, however transient and however speedily abandoned, is sufficient to interrupt the user and prevent the acquisition by user of the right of way, and as further holding that the law gives an artificial value to such an act, making it as matter of law conclusive of the question. We have examined that case with the care due to the learned court by which it was decided. Great weight is there given to what appears to have been an isolated case of attempted interruption by mere words of the right claimed, but the point decided by the court is merely that the evidence of the forbidding was to be submitted to the jury, and that the jury would be warranted in finding against the right claimed upon that evidence.

There is also in the Virginia reports a well reasoned case, *Nichols* v. *Aylor*, 7 Leigh, 546, in which considerable force is given to the complaints of the owner of the land of the injury done him by the user under which a right was claimed; but the question is treated as one of fact and not of law, and it is not intimated that such complaints alone are as matter of law conclusive against the user to prevent the acquisition of the right.

The recent English cases are governed by the statute of William 4th, but before that statute, in the case of *Livett* v. *Wilson*, 3 Bingham, 115, the evidence shewed that the alledged right had been pretty constantly contested, and yet the matter was left to the jury with no such instructions as the plaintiff here claims in regard to the effect of the contest.

The case of *Eaton* v. *Swansea Waterworks Company*, 17 Adol. & El., N. S., 267, arose under the statute of William 4th, but the effect at common law of a contest regarding the right claimed by user is discussed, and the whole discussion proceeds upon the idea that the contest is a proper subject for consideration by the jury, to have its natural weight as evidence, and nothing more. There the servant of the party claiming a right by user had been sued for exercising the right. The plaintiff's son by the plaintiff's direction attended the trial, and paid a fine imposed under a local act. Such a

contest thus successfully waged would seem to be very decisive against the acquisition by uninterrupted user of the right claimed, but the judge at *nisi prius* rejected the evidence. The Court of Queen's Bench granted a new trial on the ground that the evidence ought to have been submitted to the jury.

We have no jurisdiction to review the decision of the Court of Common Pleas upon a mere question of fact, and we are satisfied that the law does not pronounce against the defendant's acquisition of a right of way by user, merely because the plaintiff made the unsuccessful attempt which he did make to interrupt the defendant in the exercise of the right which the latter claimed.

A new trial is not advised.

In this opinion the other judges concurred.