JOHN BRAYDEN *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Bristol.  October 25, 1898. — November 23, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Prescription — Obstructions interrupting Right of Pre-
scription — Invitation to cross Railroad.*

If an obstruction to an unauthorized way is put up before the time of prescription
has run, the running of the time will be interrupted, although the obstruction
is torn down very soon, and the use of the way resumed.

TORT, for personal injuries.  Trial in the Superior Court, be-
fore *Richardson,* J., who, at the close of the evidence and at the
request of the defendant, directed the jury to return a verdict for
the defendant; and the plaintiff alleged exceptions.  The facts
appear in the opinion, and in a note thereto by the reporter.

*J. W. Cummings & E. Higginson,* for the plaintiff.

*F. S. Hall,* for the defendant.

HOLMES, J.  This is an action for personal injuries suffered
by the plaintiff while crossing the defendant's track, in conse-
quence of the explosion of a track torpedo.  The plaintiff was
travelling along a pathway which crossed the railroad, and which
he attempted to maintain was a way by prescription.  At the
time of the accident there was an opening in the fence through
which the plaintiff passed, but it appeared by the testimony of
all the witnesses, and was not disputed, that this opening had
been obstructed within twenty years, although there was evidence
that the obstructions were torn down soon after they were put
up.  At the trial, the judge directed a verdict for the defendant;
and the plaintiff excepted.

We are of opinion that such an assertion of right on the part
of the railroad company was sufficient to prevent the gaining of
a right of way.  A landowner in order to prevent that result is
not required to battle successfully for his rights; it is enough if
he asserts them to the other party by an overt act, which, if the
easement existed, would be a cause of action.  Such an assertion

interrupts the would be dominant owner's impression of acquiescence and the growth in his mind of a fixed association of ideas, or, if the principle of prescription be attributed solely to the acquiescence of the servient owner, it shows that the acquiescence was not a fact. *Powell* v. *Bagg*, 8 Gray, 441, 443. *Weld* v. *Brooks*, 152 Mass. 297, 306. There is no question here on the disputed point whether a merely verbal protest would have an equal effect. Washb. Easements, (4th ed.) 112, 113. Jones, Easements, §§ 193, 194. ` We shall not consider even such cases as *Connor* v. *Sullivan*, 40 Conn. 26, where the overt act was stopped in its very beginning.

The counsel for the plaintiff also argued that he had a right to go to the jury on the question whether the obstructions were put up by the railroad company. But this seems to us not fairly open on the exceptions. It is true that the plaintiff's witnesses did not say in terms, as the defendant's witnesses did, that the railroad company put up the obstructions. But their testimony shows that what was done was to nail up or close an opening in the fence along the railroad, and in the evidence there is no suggestion or ground for supposing that any third person officiously interfered. We do not gather that the plaintiff wished to go to the jury on that ground.

There was no evidence of an invitation on the part of the defendant, or of a right of action on the part of the plaintiff without one, if there was no right of way.* *Chenery* v. *Fitchburg Railroad*, 160 Mass. 211. See also *Wright* v. *Boston & Albany Railroad*, 142 Mass. 296 ; *Wabash Railroad* v. *Jones*, 163 Ill. 167. Our decision makes the questions of evidence immaterial.

*Exceptions overruled.*

---

* The counsel for the plaintiff contended that the plaintiff found an opening in the fence; that "it was not broken down "; that he found a regular path right across to a corresponding opening on the other side ; that a public street led to this entrance; that he had seen hundreds go through; that the passage had been obstructed for about a year; and that it did not appear that the " convenient use of the road " would be obstructed by a fence at this point, and therefore its absence indicated that the crossing was treated by the defendant as a way of some kind, in view of the provisions of Pub. Sts. c. 112, § 115. The plaintiff claimed a way by prescription since 1883 or 1884.