This case was tried to the court on June 21 and 22 last. A substantial period of time has elapsed since the completion of the trial. The delay in decision has not been occasioned by the trial judge whose policy has always been a speedy determination of cases submitted to him for decision. Preparation of briefs and other matters occupying the attention of counsel have contributed to the delay of record.
On August 1 last when court and counsel together viewed the premises to which this litigation relates, the court remarked that the case was one of that character which should have been referred to a state referee for report and finding of facts. Certain types of cases which involve a close study of land records *Page 88 
and the uses to which land has been put over a period of many years are best tried before a referee in the better interest of the record in the particular case. Be that as it may, the court will endeavor to dispose of the issues litigated without further delay beyond that which has already accrued. The within memorandum will not be lengthy. Detailed factual findings will be avoided as far as possible. It is sufficient to say that the able briefs filed by counsel and a transcript of the evidence have been closely examined.
Plaintiff's property and that of defendants, as well as rear properties adjoining them, were at one time owned by the Bridgeport Land and Title Company. The original tract of land in its entirety abutted the south side of Lenox Avenue in Bridgeport. Plaintiff's property is located to the west of defendants property. Each of these properties now have a dwelling thereon for the accommodation of at least two families. A driveway which enters into this litigation is between the two houses and extends south from Lenox Avenue to plaintiff's rear yard where there is a two-car garage which was erected by a former owner about twenty-five years ago. Plaintiff acquired title to her property in April, 1937, and defendants acquired title to their property in May, 1944.
The court will not review the conveyancing histories of these properties as they appear on the land records of Bridgeport. It has been stated that the Bridgeport Land and Title Company formerly owned both properties which formed part of a tract of land a portion of which was located to the rear of the present properties of the parties hereto. At that time the tract was in an undeveloped state. On January 27, 1920, one Jones acquired title from the Land and Trust Company of the property now owned by plaintiff, and several months later acquired title from the same grantor of the property now owned by defendants. The deed to Jones of January 27, 1920, contained a reservation of a passway in favor of the grantor, its successors and assigns, over a strip of land eight feet in width to rear land of the grantor.
The aforesaid reservation patently is referable to a right of way reserved by the grantor in connection with ingress and egress to and from its then rear lots from and to Lenox Avenue. The intent expressed in the language of the reservation in the light of the surrounding circumstances compels this conclusion. See Taylor v. Dennehy, 136 Conn. 398, 402. *Page 89 
Hence plaintiff cannot claim the benefit of a conferred easement by grant to the extent of what appears to be about one foot of the easterly margin of the original eight foot reserved passway. As between plaintiff and defendants there is no question of plaintiff's right to use and occupy exclusively the remainder of the passway now leading directly to the garage in her rear yard. Parenthetically it may be added that the location of the garage now cuts off full use of the passway to rear properties.
The fact that reference from time to time was made in deeds of former predecessors in title to plaintiff to the reservation of January 27, 1920, cannot avail her on the facts and the law. So also the fact that in one or more deeds to former predecessors in title to defendant a similar reference is made, does not advantage plaintiff on this aspect of the case. Her property and that of defendants were at the most servient estates to which the reservation in question could have any application.
The remaining question is whether plaintiff has acquired a right of way by prescription over the easterly foot of the eight foot strip. The defendants propose to erect a wire fence with supporting steel poles inserted at intervals of some few feet on what could be said to be the westerly limit of this foot of ground constituting a part of the original eight foot passway. Such fence if erected would extend south from Lenox Avenue for a distance of about eighty-five feet to where plaintiff's garage is located. The essential elements of such a right of way are stated in the recent case of Aksomitas v. South End Realty Co.,136 Conn. 277, 281.
It may well be that on occasions over the years cars of plaintiff's tenants and of former owners and their tenants when going into and out of the two-car garage passed over the all-important foot of ground. So also it may be that on occasions over the years plaintiff and her predecessors in title cleaned the area of snow in conjunction with the entire driveway, and may have spread sand and like substance upon it. Such finding, even if made, would not in the court's opinion satisfy the required elements of a right of way by prescription.
The proposed fence would not preclude cars from entering and leaving plaintiff's rear yard and garage therein. However, if permitted to be constructed up to the garage, the easterly door of the easterly side of the garage could not be fully opened and could not receive a car within. It appears that for about twenty-five *Page 90 
years when this door was opened to permit a car to enter and leave the garage it protruded a few feet easterly across defendants' boundary. This aspect is considered of sufficient character to satisfy all three elements of a prescriptive right of user in plaintiff to permit the full opening of this door free of any impediment from the proposed fence in the immediate vicinity of the garage. See Homewood Realty Corporation v. Safe Deposit Trust Co., 160 Md. 457, 464, 78 A. L. R. 8. "Use, to give use to a prescriptive right, need not exclude the holder of the legal title from the premises...." Horowitz v. F. E. SpencerCo., 132 Conn. 373, 376; Aksomitas case, supra, 283.
 It follows from what has been said that judgment may enter permanently enjoining defendants, their heirs and assigns, from erecting a fence which will prevent the full opening of the east door of the east portion of plaintiff's garage in the manner in which it presently opens. Said injunction does not operate so as to prevent defendants from constructing a fence along the proposed line wherever poles have already been installed for this purpose. Nor does it otherwise prevent defendants from completing the southerly end of the proposed fence so long as the garage door can be opened to the full degree it now opens.
In addition to the foregoing limited injunction, plaintiff is awarded nominal damages of $1 and all taxable costs.