In this action the plaintiffs are seeking the issuance of a permanent injunction to enjoin the defendant from constructing a divisional fence between the respective properties of the parties at bar. These properties are located on the east side of Dover Street in Hartford. That of the plaintiffs is known as 16-18 Dover Street and, in addition to the lot area, consists of a three-family dwelling. Adjoining on the north is the property of the defendant which is known as 12 Dover Street. It consists of a one-family dwelling on a lot area in which a concrete driveway is located on the southerly side extending back or easterly to a garage in the rear. The south side of this garage is two feet north of the common boundary line between the two properties. *Page 322 
The plaintiffs acquired title to their respective property on September 15, 1943, and have resided on the second floor of the dwelling since May, 1946. The defendant acquired title to her respective property from the estate of her mother, Theresa Viering, on July 14, 1949, and has been living there since September 1, 1950. Mrs. Viering died in November, 1947. She had acquired title to the lot on January 15, 1932, and it was her husband, the defendant's father, who had constructed the one-family house thereon and laid out the grounds. At that time the house next door now occupied by the plaintiffs had not been built. The first occupants of 12 Dover Street were a Mr. and Mrs. Federowicz and their little girl. This tenancy continued from October 26, 1932, until April 11, 1939. It was followed by the tenancy of a Mr. and Mrs. Merchant from April 25, 1939, until September 1, 1950. The defendant herself moved upon the property on the latter date. September 1, 1950, marks the first time that an owner of 12 Dover Street has lived on the property. As already noted, the property has been in the Viering family since January 15, 1932, and the presently existing house thereon and grounds were built and laid out by the husband of the first Viering owner, Theresa, mother of the defendant.
The within action was commenced by service of process on October 18, 1951. It is the claim of the plaintiffs that they and their predecessors in title, by parking cars on the northerly side of 16-18 Dover Street over a period of many years, have acquired in law a prescriptive easement of one foot and five inches in ground area running north of the common boundary upon the defendant's property. Stated more precisely, it is their claim that the defendant's property has become subject to a servitude in the nature of an acquired prescriptive easement in their favor of one foot and five inches in width extending along the northerly side of the defendant's southerly *Page 323 
boundary line. Hence they contend, in seeking injunctive relief, that for the defendant to construct the proposed fence along the common boundary line of the two properties would result in the interference of an acquired prescriptive easement. The question presented, factually speaking, is a direct one.
There is no conflict between counsel regarding the relevant law. They recognize that for a prescriptive easement to be acquired over the defendant's property, the burden is upon the plaintiffs to establish that the use in question of the defendant's property was open and visible, continuous and uninterrupted for fifteen years, and under a claim of right. See, generally, Aksomitas v. South End Realty Co.,136 Conn. 277; Klein v. DeRosa, 137 Conn. 586; Estor v.Szeman, 17 Conn. Sup. 87; and the opinion of the Supreme Court of Errors in the recent case of Dunn
v. Santino, 139 Conn. 352. In cases of this character the difficulty is not in ascertaining the law, but with applying the law to the particular facts in an endeavor to reach valid and legally supportable conclusions. The cases recognize that in the last analysis the question presented is usually one of fact.
It is found that Mrs. Viering's husband, shortly after she had acquired title to 12 Dover Street in 1932, staked out and put up a fence along the common boundary between the two properties in question; that until 1939 such fence, or portions thereof nearest to the highway, were frequently knocked down or bent over by cars of persons living at 16-18 Dover Street in the course of being parked on the northerly side of that property; that during this period the fence was constantly reset by Mrs. Viering's husband; and that Mrs. Viering, as the then owner of 12 Dover Street, did on occasions complain to the then owner of 16-18 Dover Street regarding the conduct which made it necessary to reset the fence periodically. It cannot be found that Mrs. *Page 324 
Viering took any further steps to protect her property from trespass. It could be found that starting sometime in 1939 Mrs. Viering reached the point where she did not cause the fence to be reset again, and apparently made no further complaints regarding the parking of cars along the common boundary between the properties.
The plaintiffs urge that the case of Connor v. Sullivan,40 Conn. 26, is conclusive on the proposition that Mrs. Viering, the defendant's mother, acquiesced in the early and middle 1930's regarding the use made of the small strip of land north or her southerly boundary, and that the required statutory period of fifteen years of uninterrupted use has more than run its course. The Connor case involved but a single instance of an attempted interruption of an adverse use, and the Supreme Court did no more than hold that the decision of the trial court that the single instance was not sufficient to prevent the acquiring of a prescriptive right of way could not be disturbed as it involved a question of fact. On the aspect of what constitutes acquiescence by an owner of land essential to the establishing of an acquired prescriptive easement, see annotation in 5 A.L.R. 1325, and 17 Am. Jur. 977, § 66.
In the case at bar Mrs. Viering's complaints directed to the former owner of 16-18 Dover Street regarding the periodic knocking down of the fence by cars of tenants on these premises, followed by the repeated resetting of that fence up until 1939, conclusively negative an acquiescence by her in that conduct at least until 1939. They years subsequent thereto do not total fifteen in number. Hence the plaintiffs' claims upon which their action is based necessarily fail. As noted, the case of Connor v. Sullivan, supra, upon which they place great reliance, is held not controlling because of essential factual differences. *Page 325 
In the earlier statement of facts it was made to appear that no owner of 12 Dover Street lived on the premises before the defendant's occupancy on September 1, 1950, and that prior occupancy was had by two successive sets of tenants. There is authority for the proposition that a right by prescription cannot be acquired against a landowner when the property is in possession of a tenant. 17 Am. Jur. 975. In view of the result herein reached, the application of this principle becomes academic.
 Judgment is required to be entered for the defendant to recover her costs. Counsel are complimented for their diligence.