Coe *v.* Wolcottville Manufacturing Co.

———◆◆◆———

## SOPHRONIA COE *vs.* THE WOLCOTTVILLE MANUFACTURING COMPANY.

The provisions of the statute of limitations with regard to the time of entry by the owner on lands of which he is disseized, apply equally to easements adversely used.

And the limitation of the right of entry, in the case of a married woman, to five years after discoverture, applies to easements.

Where a married woman owns real estate in fee, the husband and wife are seized jointly in her right, and an ouster of them would be a disseizin of both, and a right of entry would at once accrue to both and to each.

ACTION on the case for the obstruction of a right of way; reserved by the Superior Court, on facts found, for the advice of this court. The case is sufficiently stated in the opinion.

*O. S. Seymour* and *E. W. Seymour*, for the plaintiff.

*Hubbard* and *Barbour*, for the defendants.

CARPENTER, J.   This action is brought to recover damages for an obstruction to an alleged right of way over premises belonging to the defendants.   The plaintiff, and those under whom she claims, used and occupied the way in question from 1832 to 1866, when it was obstructed in the manner complained of in the declaration.

The land over which the right of way is claimed was owned in fee, at the time of the commencement of said use and occupation, by Mrs. Bissell, then, and until the year 1858, the wife of Luther Bissell.   In that year he died.   She remained a *feme sole* and the owner of the premises until 1862, when she sold them, and those owning the same from that time have been *sui juris*.   It is found that the use and occupation gave to the plaintiff a right of way, unless the coverture of Mrs. Bissell prevented the acquisition of such right.   The plaintiff claims first, that fifteen years adverse use and occupation was sufficient to gain a right, notwithstanding the coverture of Mrs. Bissell; and secondly, that five years' use and occupation, after the death of Mr. Bissell, and while the premises were owned by parties *sui juris*, in connection with the prior use, the whole time being more than fifteen years, was sufficient for that purpose, in analogy to the statute of limitations.

If the plaintiff is right in either of these claims she is entitled to judgment, otherwise not.   As we are all satisfied that the plaintiff's counsel are correct in their second proposition, we deem it unnecessary to consider the first.   Had the plaintiff disseized Mr. and Mrs. Bissell and occupied the whole premises adversely during the time named, instead of a way across them, it will hardly be denied that she would thereby have acquired a complete title under the statute.   The case

Coe v. Wolcottville Manufacturing Co.

would then be within the letter of the law; the only question is whether we shall apply its spirit to this case. If an adverse user of the whole will secure a title to the whole, why will not the same user of a less interest secure a title to the extent of the use? The statute in terms takes land from a married woman unless she makes entry within five years next after discoverture. To deny the application of the statute to a right of way would lead to absurd and mischievous consequences. The law would then give her five years only in which to assert and protect her title to the greater interest—the land itself,—while it would give her fifteen years in which she might protect it against some paltry incumbrance. This point was well illustrated during the argument, thus: Suppose a married woman to be the owner of two pieces of land, white-acre, and black-acre. She is disseized of black-acre for a period of fifteen years, the disseizor passing to and from it, adversely, over white-acre. At the expiration of five years after discoverture, according to the defendants' claim, the disseizor acquires an absolute title to black-acre, but fails to acquire a right of way over white-acre. We cannot believe that such is the law, nor do we think it ought to be so.

This statute has already been extended, both in this country and in England, to easements of various kinds, and we think the symmetry of the law will be best preserved, by extending it to the case now before us. *Lewis* v. *Price*, 2 Saund., 175, note; *Sherwood* v. *Burr*, 4 Day, 244; *Manning* v. *Smith*, 6 Conn., 289; *Buddington* v. *Bradley*, 10 id., 213; *Pierce* v. *Selleck*, 18 id., 321.

But the defendants' counsel object to the application of the proviso of the statute to a case like this, mainly on the ground, as they claim, that the legal effect of the deed to Mrs. Bissell was to create a life estate in her husband, with remainder to herself and her heirs; that a life estate having vested in the husband, he had the exclusive right of entry during the continuance of that estate, and that the wife's right of entry did not accrue until the death of her husband. We think this is a mistaken view of the law. Mr. and Mrs. Bissell were jointly

seized of the premises in fee in her right. An ouster of them would have been a disseizin of both, and a right of entry would have immediately accrued to both or either of them. *Melvin* v. *Proprietors of Locks and Canals*, 16 Pick., 161 ; 1 Swift's Digest, 26 ; *Watson* v. *Watson*, 10 Conn., 77 ; *Jarvis* v. *Woodruff*, 22 id., 548.

Indeed the statute itself proceeds upon the supposition that a right of entry in such cases accrues to the wife during coverture, but out of tenderness to her rights gives her five years after coverture ceases in which to make entry, so that it requires at least fifteen years to deprive a married woman of her title, and may require a much longer time.

Our advice to the Superior Court is that the plaintiff is entitled to judgment.

In this opinion the other judges concurred.