CALLIA M. EXLEY vs. TIMOTHY GALLIVAN.

Second Judicial District, Norwich, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

To acquire a prescriptive right to the use of a private underground sewer across the land of an adjoining proprietor, the user must be open and adverse for at least fifteen years.

In the present case the issue was whether the owner of premises in the rear of, and above, the house and lot of the plaintiff adjacent to the highway, had acquired a right by prescription to use a private underground drain which ran from the upper premises to the highway sewer through the land bought by the plaintiff in 1917. This drain was laid between 1881 and 1885 by the then owners of the two properties, but there was no evidence of the terms of the agreement respecting its use, and nothing appeared in the land records of Norwich respecting it. From 1889, when the defendant acquired the premises adjoining the highway, down to 1917, when he conveyed them by warranty deed to the plaintiff, he had no knowledge of the existence of the drain beyond or above the point at which he entered it, and there were no surface indications of its course or existence, nor did he know of any claim of right by any one else to use or maintain the sewer. *Held* that there was no lack of evidence to support the finding that the defendant had no actual knowledge of the situation; and that the grounds relied upon to impute notice of the user to him—the lay of the land, and his own use of the sewer pipe near his house—were insufficient for that purpose.

A purchaser of real estate is not bound to use reasonable diligence in discovering the fact of a concealed user which had not developed into an easement when he took possession of the premises.

One who seeks to establish an easement by user, is bound to exercise his claimed right so openly as to give the owner of the land in which

the easement is asserted, knowledge and full opportunity to vindi-
cate his own rights.

In 1916 or 1917 the then owner of the upper property told the defendant
that he thought his sewer crossed the defendant's lot, and that he
had a right to maintain it.  *Held* that whether this was a sufficient
assertion of an adverse right to start the running of the statute, it
certainly could not create an easement which did not then exist.

Argued October 19th—decided November 30th, 1921.

ACTION to recover damages for breach of covenants
against encumbrances and of warranty, brought to and
tried by the Court of Common Pleas in New London
County, *Waller, J.;* facts found and judgment rendered
for the defendant, and appeal by the plaintiff.  *No
error.*

*Clayton B. Smith* and *Telley B. Babcock,* for the
appellant (plaintiff).

*William H. Shields, Jr.,* for the appellee (defendant).

BEACH, J.  The premises in question, fronting
easterly on Thames Street in the city of Norwich, were
conveyed by the defendant to the plaintiff in 1917 by
warranty deed containing a covenant that the same
were free from all encumbrances whatever.  About one
year afterward the plaintiff discovered the existence of
an underground sewer pipe, running from the rear to the
front of the premises and connected with the public
sewer in Thames Street, through which the owners of
four tenement houses, located westerly of the land
conveyed, claimed the right by prescription to dispose
of their sewage and roof water.  Whereupon the plain-
tiff brought this action, alleging that the premises were
at the date of the conveyance subject to such easement.

It is found that some time between 1881 and 1885,
the Norwich Savings Society, being then the owner of
the premises, joined with the owner of the land directly

in the rear thereof in the construction of the sewer in question. There was no evidence of any agreement between the parties and none was recorded in the land records; nor is there any finding as to the terms of the agreement or understanding under which the sewer was laid. The easement, if any, is by prescription.

The Norwich Savings Society conveyed the premises to the defendant in 1889, by quitclaim deed, and it is found that there were no visible indications of the course or existence of the sewer across the premises, and that the defendant during the time he was the owner of the premises had no knowledge of the existence of the sewer beyond his own house, nor of any claim of right or easement to maintain the same. It follows that the user was not open and adverse during the necessary fifteen years, and the judgment must be affirmed unless this finding is corrected, or unless the trial court committed an error of law in failing to impute knowledge and acquiescence to the defendant.

There is no lack of evidence to support the finding that the defendant had no actual knowledge of the existence of the sewer or of any claimed right to maintain it, and the decisive question is one of imputed notice. It is said that the fact of user must have been apparent from the lay of the land, which slopes so abruptly toward Thames Street that the alleged dominant estate fronting westerly on High Street could not be sewered except into the Thames Street sewer; but even if that fact were apparent, it would not follow that the connection with the Thames Street sewer ran under the defendant's lot.

We find nothing significant in the use which the defendant himself made of that portion of this sewer pipe which adjoined his own house. He knew from the time when he took possession, that a sewer connection existed between the back of his house and the Thames

Street sewer; and he afterward made other connections nearer to the street line of Thames Street, though not within fifteen years of his conveyance to the plaintiff. The plaintiff's claim is that in making these other connections he was notified that the sewer connection was entirely too large for a single house, and so was put on inquiry. As to this claim, it is to be observed that the defendant was under no legal duty to use reasonable diligence in discovering the fact of a concealed user which had not developed into an easement when he took possession of the premises. It is for the party who seeks to establish an easement by user to exercise his claimed right so openly as to give the owner knowledge and full opportunity to assert his own rights. *School District* v. *Lynch,* 33 Conn. 330, 334. Besides, there is nothing in the testimony which brings home to the defendant any notice that the sewer pipe between the back of his house and the public sewer was unusually large. In the absence of any finding to the contrary, the work on the connections made by the defendant may have been done by a journeyman plumber employed by a master plumber acting as an independent contractor; in which case there could be no presumption of law or fact that the defendant knew anything about the details of the work.

*Alderman* v. *New Haven,* 81 Conn. 137, 70 Atl. 626, and *New York, N. H. & H. R. Co.* v. *Russell,* 83 Conn. 581, 78 Atl. 324, are not in point, because in those cases the user was open, visible and apparent; while in this case it was not, there being, as the finding states, no opening leading directly from the sewer to the surface of the premises.

It appears that in 1916 or 1917 the then owner of the alleged dominant estate told the defendant that he thought his sewer crossed the defendant's lot, and that he had a right to maintain it. Defendant employed a

searcher who examined the land records and reported that they disclosed no such easement. No digging was done on defendant's land to ascertain what the fact was. This conversation was but a year before the land was conveyed to the plaintiff, and whether or not it amounted to a sufficient assertion of an adverse right to start the running of the statute, it certainly could not instantaneously create an easement which did not then exist. The Court of Common Pleas was right in holding that the plaintiff failed to prove any breach of covenant.

There is no error.

In this opinion the other judges concurred.