## Patrick Ricci *vs.* Dominick Naples.

Third Judicial District, Bridgeport, April Term, 1928.
Maltbie, Haines, Hinman, Banks and Avery, Js.

Argued April 10th—decided June 18th, 1928.

*Morris M. Wilder,* for the appellant (defendant).

*Daniel J. Danaher,* for the appellee (plaintiff).

AVERY, J.   In this court, the appellee filed a motion to erase the case from the docket for lack of jurisdiction on the ground that the judgment of the City Court of Meriden, upon the equitable issues, was not a final judgment and that no final judgment could be

rendered in the case until the damages had been assessed by a jury.

As far as appears from the record, no objection was made to the action of the City Court of Meriden in proceeding to the trial of the equitable issues before the question of damages claimed for trial to the jury was tried. In the trial to the court, all the issues were determined, except the amount of damages, and the court rendered a judgment after fully hearing the parties. This judgment, by its terms, disposes finally of all the issues in the case except the amount of damages and was a final judgment, as to the issues adjudicated, from which an appeal lay immediately to this court. "A 'final judgment,' within the meaning of our statute of appeal, may include any judgment in its nature final and separable from any other judgment that may be rendered in the action, although not finally disposing of the action." *Bunnell* v. *Berlin Iron Bridge Co.*, 66 Conn. 24, 37, 33 Atl. 533. "In the course of an action on the equity side of the court in which a receiver is appointed, it is often necessary for the court to make an order which constitutes an adjudication by a judicial finding, separable from the main action, affecting in some instances persons who are parties to the action only for the purposes of that proceeding, and which cannot be reviewed unless by an appeal from that order. Orders of such a character which are in fact a final adjudication of the rights involved, may generally be reviewed by an appellate court." *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, R. & N. E. R. Co.*, 69 Conn. 709, 714, 38 Atl. 792. "A final judgment may be followed, in cases of certain kinds, by a further judgment." *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 243, 52 Atl. 947, 53 id. 57; *Bristol* v. *Bristol Water Co.*, 85 Conn. 663, 670, 84 Atl. 314; *Barber* v. *International Co.*, 74 Conn. 652, 657,

51 Atl. 857; *Wardell* v. *Killingly,* 96 Conn. 718, 722, 115 Atl. 539; *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 31, 78 Atl. 587. The motion to erase the appeal is denied.

The defendant moved the trial court to expunge certain paragraphs of the finding as made and to correct and add to the finding by substituting in place of the paragraphs found, certain paragraphs of his request for a finding. The written exceptions which the defendant annexed to his motion to correct did not contain any grounds for expunging or adding to the finding provided by our Practice Book. Practice Book, p. 309, §11. Our rules provide that written exception to a finding may be for one or more of the following grounds: (1) A refusal by the court to find a material fact, which was an admitted or undisputed fact; (2) a finding of a fact in language of doubtful meaning, so that its real significance may not clearly appear, and (3) a finding of a material fact without any evidence. As there is no reference in the exceptions or reasons of appeal directly, or by reference to the motion to correct, to the grounds for expunging a fact found or adding a fact to the finding as set forth in the rules above, the motion to correct was properly denied by the trial court and cannot be considered by us. Moreover, an examination of the entire evidence certified in connection with the motion to correct shows that the matters contained in the finding were supported by evidence, and that the real purpose of the motion is to ask this court to weigh the evidence adduced pro and con, and retry the facts found by the trial court. It is not a permissible ground of exception that a fact was found against the weight of evidence. This court cannot retry the facts by considering and weighing the evidence; that is the

exclusive province of the trial court. *De Feo* v. *Hindinger,* 98 Conn. 578, 581, 120 Atl. 314.

Upon the finding as made, the correctness of the judgment of the court below cannot be questioned successfully. If the defendant has any right to maintain his connection with the sewer, it must be by reason of a grant of an easement to do so, implied in the deed of his premises. The underground sewer pipe, in this case, had no outlet onto the surface and was not visible at the time that the plaintiff purchased his land in 1926 or at the time his predecessor in title, Giovanni Ricci, purchased from the Montemurros on March 5th, 1925. The deeds in each case were warranty deeds with the usual covenants of warranty and contained no words of restriction and no mention of any easement affecting the property conveyed. In the leading case of *Whiting* v. *Gaylord,* 66 Conn. 337, 345, 348, 349, 34 Atl. 85, attention was called to the fact that it has always been the policy in this State under our recording system to require that the title to all interests in land shall appear on the land records, so that they may be easily and accurately traced. As we said in that case: "When a right or privilege is claimed as being annexed to one's land to use the adjacent land of another for a special purpose, whether arising from prescription (a prescription supposes a lost grant) or from an implied grant, or reservation, the existence of the alleged easement will, in general, depend upon an affirmative answer to the inquiry, is it open, visible, continuous and necessary. . . . In this State the rule of construction, settled by a series of decisions, is that the subject-matter of a deed is to be ascertained from its premises, and that by a deed of land, described as such, nothing passes except what is fairly included in the premises; that an easement not naturally and necessarily belonging to the prem-

ises, will not pass. . . . Implied grants of land, or of easements, or of any interest in land, are allowed here when allowed at all, to a very much more limited degree than in the other States."

In *Exley* v. *Gallivan,* 96 Conn. 676, 679, 115 Atl. 482, referring to the establishment of an easement by adverse user, we said: "The defendant was under no legal duty to use reasonable diligence in discovering the fact of a concealed user which had not developed into an easement when he took possession of the premises. It is for the party who seeks to establish an easement by user to exercise his claimed right so openly as to give the owner knowledge and full opportunity to assert his own rights." As we there pointed out, the cases of *Alderman* v. *New Haven,* 81 Conn. 137, 70 Atl. 626, and *New York, N. H. & H. R. Co.* v. *Russell,* 83 Conn. 581, 78 Atl. 324, were not in point in that case and they are not in point in this case because in those cases the user was open, visible and apparent, while in this there was nothing to apprise the plaintiff when he purchased the property that the concealed subterranean sewer was running from the defendant's property and across his into the main sewer on West Main Street.

As the rulings upon evidence were not pursued in appellant's brief, and, in the argument, any claims of error, based thereon, were abandoned, discussion of them is unnecessary.

There is no error.

In this opinion the other judges concurred.