60 N.J. Super. 324 (1960)
159 A.2d 127
ANNA WOLEK, PLAINTIFF-APPELLANT,
v.
JOSEPHINE DI FEO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 1960.
Decided March 18, 1960.
*326 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. John H. Jobes argued the cause for appellant (Messrs. Darling & Jobes, attorneys).
Mr. Rudolph Markowitz argued the cause for respondent.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff brought an action in the Chancery Division to enjoin defendant's use of plaintiff's sewer and to recover damages. The complaint alleges that she has only recently ascertained that sewage from defendant's adjoining dwelling is flowing into a sewer located on her property, and this without her prior knowledge, consent or license; that as a result of such unauthorized use defendant has caused the sewer to become clogged; that plaintiff has been put to expense in keeping her sewer in repair; and, finally, that although she has notified defendant to discontinue the unlawful and unauthorized use, defendant refuses to do so. Defendant's answer denies the significant allegations of the complaint and sets up the *327 defenses of laches and a right of easement to use the sewer. Defendant also counterclaimed, alleging that the parties and their predecessors in title shared the use of the sewer; that when the parties took title to their respective premises they were aware of the sewer situation and continued the existing arrangment; that defendant therefore had an easement right in the sewer and plaintiff should be restrained from severing the connection between her sewer and defendant's.
After a full hearing the Chancery Division judge found as a fact that there was a common sewer running from defendant's premises onto and through plaintiff's land, leading out to the street; that the sewer trouble which developed on plaintiff's property in December 1958 and brought on the present action was due to a break in the pipe underneath her premises, but not to any cause with relation to the operation of the sewer on defendant's property; that there was no evidence to show that either of the parties knew there was a common sewer until December 1958; that defendant had no right of easement by express grant or reservation to the use of plaintiff's sewer, nor was there an easement by prescription; but plaintiff's property is and has been burdened with an implied sewer easement in favor of defendant's property. The trial judge further held that if plaintiff took title free of notice of the easement, she would be entitled to have the encumbrance removed. The burden of proof was hers: it was not enough for her to show that she alone was without notice or knowledge of the existence of the easement; she also had to establish that her husband, now deceased, was without such notice or knowledge at the time they took title by the entirety. This, he said, she had failed to do. Independently of the foregoing, he held that to deprive defendant of the use of the sewer after so long a period of time, and to subject her to the expense of installing a sewer line of her own, would be inequitable.
Accordingly, the trial court entered judgment in defendant's favor, but ordered that she share with plaintiff past *328 and future expenses for the repair and maintenance of the sewer used by them in common. Plaintiff appeals.
Plaintiff is the owner of 33 Erie Street, Jersey City. She and her husband acquired title to this property as tenants by the entirety in December 1934. She became sole owner when he died in June 1952. Defendant is the owner of the adjoining property at 31 Erie Street, separated from plaintiff's by a common party wall. She and her husband acquired title as tenants by the entirety in 1947. Her husband died in January 1959. There is no reference to a sewer easement in either plaintiff's or defendant's deed, or in the deeds of their predecessors in title.
We agree with the Chancery Division judge that there is no evidence showing that either plaintiff or defendant knew of the existence of the common sewer until December 1958, when the sewer under plaintiff's house became stopped up and overflowed and a plumber was engaged to relieve the condition. It was then discovered that defendant's sewer connected with and ran into plaintiff's. The sewer pipe runs from defendant's premises underneath plaintiff's land and then follows a course along the party wall two or three feet inside plaintiff's property line, continuing out to the common sewer in the street. The pipe lies 4 1/2'-5' below ground level in the rear of plaintiff's house and pitches downward toward the street, being 6'-61/2' underground in front of the house.
The houses in question are old, semi-detached buildings, only 20 feet wide. The evidence is that the premises were held in common ownership until 1870, when defendant's parcel was conveyed out. Title to plaintiff's parcel came out of the common ownership by sheriff's deed in 1877. There was no proof as to just when these houses were built or the common sewer system installed. A title expert was of the opinion that the houses date back to 1870, and this on the basis of his examination of the mortgage records of the county. The sewer pipes themselves are of earthenware construction, indicating that they pre-date 1912, since which *329 time the local sanitary code prohibits their use. One thing is certain from the evidence: the location and the manner of installation of the earthenware sewer pipes clearly show they were installed before the houses were built over them.
There is no express grant or reservation of easement here, and this because of the total absence of any reference to a sewer easement in the two chains of title. Nor is the easement one by prescription. See Plaza v. Flak, 7 N.J. 215, 219-220 (1951). Rather, the sewer easement, if any did exist, was one that arose by implication of law  in this case, an easement by implied grant, A.J. & J.O. Pilar, Inc. v. Lister Corp., 38 N.J. Super. 488, 496-498 (App. Div. 1956), affirmed 22 N.J. 75 (1956), and not one by implied reservation, cf. Adams v. Cale, 48 N.J. Super. 119, 128 (App. Div. 1957). Since defendant's property was the first to come out of the common ownership in 1870, and if the sewer was then in existence, what was said in the Pilar case is applicable:
"Although one cannot in the true sense have an easement over one's own land, yet where one during the unity of ownership utilizes a part of his land for the benefit of another part, it is for convenience of expression said that a quasi-easement exists. Upon the conveyance by the owner of one of such parts, an easement corresponding to the preexistent quasi-easement may in certain circumstances arise, either for the benefit of the part conveyed as against the part retained by the grantor, which is called an `implied grant,' or for the benefit of the part retained by the grantor as against the part conveyed, which is referred to as an `implied reservation.' The implications may go either way depending on the essential circumstances." (38 N.J. Super., at page 496)
The trial judge obviously indulged in the factual assumption that the sewer existed in 1870, for in no other way could there be an implied grant. That assumption was a reasonable one, and we adopt it for the purposes of the remainder of this argument.
The 1934 deed into plaintiff and her husband recites that they were purchasers for a good and valuable consideration. All the deeds in their chain of title contain a similar recitation. *330 There was no controversy below as to plaintiff and her husband being bona fide purchasers for value. The only question raised was whether they had notice, actual or constructive, of the existence of the easement.
Plaintiff's record title is clear of any reference to a sewer easement. She and her husband could lawfully rely upon the public records and assume that they completely disclosed the title. In the absence of actual knowledge of the sewer easement, or of circumstances sufficient to put them on inquiry and of which they were bound to take notice, they were chargeable only with such facts as might be ascertained with reference to the title records. Van Dyke v. Carol Building Co., 36 N.J. Super. 281, 285-286 (App. Div. 1955).
The trial judge found as a fact that neither plaintiff nor defendant knew of the sewer condition. Nevertheless, as already stated, he called upon plaintiff to sustain the burden of proving that her husband, as co-tenant by the entirety, was similarly without such notice or knowledge. The law is to the contrary. Venetsky v. West Essex Bldg. Supply Co., 28 N.J. Super. 178, 187 (App. Div. 1953), stands for the well established proposition that where it is made to appear that one has acquired title to property and paid a valuable consideration therefor, the purchaser is presumed to be a bona fide purchaser for value without notice until the contrary appears, and the burden of showing the contrary rests upon the party alleging that title was acquired by the purchaser with notice of an outstanding equity or claim. Defendant therefore had the burden of proving knowledge or notice on the part of plaintiff or her husband. She did not discharge that burden.
Defendant urges, however, that the easement was "apparent," in the sense in which that word is used in Pilar, above, and other cases, and the mere fact that the pipes were concealed from vision is of no consequence. Larsen v. Peterson, 53 N.J. Eq. 88 (Ch. 1894), is cited in support. In that case two adjacent houses each had a pump in the *331 rear, both pumps being connected underground to a well on defendant's land. The pumps and connections had been installed when the properties were in common ownership. Complainant claimed an easement by implication for his supply of water. The court held that the fact that the arrangement for supplying water to his house was partly hidden in the earth, and so not physically visible, was not conclusive on the question of its being "apparent." What was important was that the part on complainant's land, the pump, was visible, so that his water supply must have come either from his own land or that conveyed to defendant. Accordingly, the court was of the opinion that defendant, "under the peculiar circumstances of this case," was chargeable with notice that there was such a pump on complainant's tenement and that it might connect with the well or cistern on the part conveyed to defendant.
There was no such external evidence in this case of the existence of the sewer pipes. The pipes were buried well below ground and never ran out into the open so as to be visible. Neither house has a cellar, the flooring on the lowest level being only a short distance above ground. Although defendant argues that plaintiff, in the quiet hours of the evening, must have heard the rush of water through the underground pipes when defendant used her bathroom facilities, there is nothing in the evidence to sustain such assertion.
Goldstein v. Hunter, 257 N.Y. 401, 178 N.E. 675 (Ct. App. 1931), was a case with facts somewhat similar to ours. There, as here, there were no open or visible signs of the existence of the underground common sewer. The court held that an innocent purchaser for value in good faith, without notice or knowledge, whether actual or constructive, of the existence of an implied easement, takes free therefrom, observing that notice can arise only from such conditions on the property as would draw the attention of a reasonably prudent purchaser to the underground drain, or put him upon inquiry regarding it.
*332 Although earlier cases required that an implied easement, to be "apparent," be readily visible, later decisions require merely that the prior use shall have been discoverable on a careful inspection of the premises by one conversant with the claimed use of the property. Notorious visibility is therefore no longer the gauge, but rather susceptibility of ascertainment on careful inspection by one ordinarily conversant with the subject. A.J. & J.O. Pilar, Inc. v. Lister Corp., above, 38 N.J. Super., at pages 497-498; 3 Powell on Real Property, § 411, p. 428 (1952); 2 Walsh, Commentaries on the Law of Real Property, § 236, p. 583 (1947); 17A Am. Jur., Easements, § 95, p. 708 (1957), and cases therein cited. See also, 1 Thompson on Real Property (perm. ed. 1939), § 387, p. 629; 28 C.J.S. Easements § 33(b), p. 694 (1941); cf. Hess v. Kenney, 69 N.J. Eq. 138 (Ch. 1905).
The judgment under appeal is reversed.