**Jack M. POWELL and Beverly A. Powell, Appellants (Plaintiffs),**

**v.**

**Joseph DAWSON and Lawrence Dawson d/b/a J.S. Dawson Development Co., and City of Carmel, Appellees (Defendants).**

**No. 2–683A185.**

Court of Appeals of Indiana,
Second District.

Oct. 22, 1984.

David Langolf Smith, William W. Knowles, Raymond L. Faust, Baker, Orbison, Bales & Knowles, Carmel, for appellants.

Campbell, Kyle & Proffitt, Noblesville, Danford R. Due, Stewart, Reeder, Due & Miller, Indianapolis, Gordon D. Byers, Noblesville, for appellees.

SHIELDS, Judge.

Plaintiffs-appellants Jack Powell and Beverly Powell (Powell) appeal the trial court's grant of summary judgment in favor of defendants, Joseph Dawson and Lawrence Dawson (Dawson), and the City of Carmel (City). The issue we address on appeal is whether the court erred in granting summary judgment in favor of Dawson and City.[1]

Judgment affirmed.

Powell's residence is on a lot drained by underground field tile that cross their property and continue underneath a public street and Dawson's property. Dawson disrupted the field tile within Dawson's boundaries in the course of developing a subdivision. When problems developed with standing liquid on Dawson property, the tile was blocked on Dawson's side of the road by employees of Dawson or City. The disruption of the field tile raised the water table under Powell's property, which resulted in problems with their septic system and other damage to the residence.

---

1. Because we affirm the trial court's grant of summary judgment, the other issue raised, whether the trial court erred in sustaining Dawson's objection to Powell's request for a jury trial, is moot.

Powell's complaint asked for damages, a temporary restraining order, and a permanent injunction. The action was terminated by the trial court's grant of Dawson's and City's motions for summary judgment.

The predicate for Powell's argument on appeal is the existence of an easement across Dawson's property for the field tile. Powell asserts such an easement exists by prescriptive right.

## I. SUMMARY JUDGMENT

■ Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Rules of Procedure, Trial Rule 56(C). Even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences can be drawn from the undisputed facts. The burden is on the moving party to show the absence of any genuine issue of material fact; all doubts and inferences are resolved against the moving party. *Whitaker v. St. Joseph's Hospital,* 415 N.E.2d 737 (Ind.App.1981).

■ A fact is material if it facilitates resolution of any of the issues involved in the case. *Carrow v. Streeter,* 410 N.E.2d 1369 (Ind.App.1980). A factual issue is genuine if it cannot be completely resolved by reference to undisputed facts. *American Family Mutual Insurance v. Kivela,* 408 N.E.2d 805 (Ind.App.1980). In determining whether a factual issue exists, the court looks to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any...." T.R. 56(C).

## II. DRAINAGE EASEMENT

■ It is possible, according to Indiana law, to acquire an easement by prescription. *Faukboner v. Corder,* 127 Ind. 164, 26 N.E. 766 (1891); *Riggs v. Riley,* 113 Ind. 208, 15 N.E. 253 (1888). Further, it is possible to acquire a drainage easement by prescription. *Bell v. Northside Finance Corp.,* 452 N.E.2d 951 (Ind.1983); *Clay v. Pittsburgh, C., C. & L. Ry. Co.,* 164 Ind. 439, 73 N.E. 904 (1905); *Walley v. Wiley,* 56 Ind.App. 171, 104 N.E. 318 (1914).

■ A prescriptive easement is established by actual, open, notorious, continuous, uninterrupted, adverse use for twenty years [2] under claim of right, or by continuous adverse use with knowledge and acquiescence of the servient owner. *Bulatovich v. Easton,* 435 N.E.2d 997 (Ind.App.1982); *Dolph v. Mangus,* 400 N.E.2d 189 (Ind.App.1980); *Jeffers v. Toschlog,* 178 Ind. App. 603, 383 N.E.2d 457 (1978).

■ Here, because the alleged drainage easement is not apparent above the surface of the ground, we focus on the requirement that the use be "open".[3] Numerous opinions discuss the problem of sub-surface easements; we elaborate upon two that are both representative of the larger group and also analogous to the instant case.[4]

**2.** Ind.Code Ann. § 32–5–1–1 (Burns 1980) provides the prescriptive use must continue for twenty years.

**3.** Once open and continuous use of another's land commences with knowledge on the part of the servient owner, a rebuttable presumption arises that such use is adverse. *Searcy v. La-Grotte,* 175 Ind.App. 498, 372 N.E.2d 755 (1978).

**4.** For cases in which the court found there was no prescriptive easement, *see City of Montgomery v. Couturier,* 373 So.2d 625 (Ala.1979) (where city-owned pipe was not visible from an inspection of servient tenant's lot, and water from pipe made a visible flow only during heavy rains and for a short while thereafter, city did not acquire prescriptive easement); *Exley v. Gallivan,* 96 Conn. 676, 115 A. 482 (1921) (where no visible indications of course of sewer pipe, and servient tenant had no knowledge of existence of sewer, dominant tenant did not acquire prescriptive easement); *Defnet v. City of Detroit,* 327 Mich. 254, 41 N.W.2d 539 (1950) (because adverse use could not have begun until date when servient tenants first learned of existence of active sewer, city acquired no prescriptive easement); *McCracken v. MacNeal,* 169 Mich. 414, 135 N.W. 461 (1912) (where suit to enjoin servient tenant from interfering with the flow of water through a tile drain from the dominant to servient property, dominant tenant did not acquire prescriptive easement where there was no indication of the existence of a drain and the servient tenant had no knowledge of tile drain); *Holman v. Richardson,* 115 Miss. 169, 76 So. 136 (1917) (where underground tile drains on upper ground were unknown to servient tenant and their existence was not open,

In *Seefeldt v. City of Lincoln*, 57 Ill. App.3d 417, 14 Ill.Dec. 954, 373 N.E.2d 85 (1978), property owners sued to enjoin the city and its contractor from entering their property for the purpose of replacing an existing sewer. The city contended, inter alia, it had an easement by prescription over the property of the plaintiffs. In affirming the trial court's decision for the property owners, the *Seefeldt* court said,

> "Because the sewer was underground and not visible, it cannot itself be notice to the landowner of its existence or notice of adverse claim or use by the city."

373 N.E.2d at 87.

In *Sullivan v. Neam*, 183 A.2d 834 (D.C. 1962), the court held the owner of the dominant estate did not acquire an easement by prescription where the owner of the servient estate had no knowledge or notice of a private sewer line under his land and no deed or other record revealed its presence. In holding there was not an easement by prescription, the court said,

> "When pipes are buried under the land there is an absence of the open, notorious and exclusive use which is essential to the creation of an easement by prescription.

.    .    .    .    .

Aside from the absence of anything in the record to show that the two properties were originally in common ownership there is clearly no showing of an open, notorious and adverse use which could give rise to a presumption that an ease-

ment had been established by prescription."

183 A.2d at 835.

In sum, in order to put the existence of a prescriptive easement in issue, there must be some showing the servient tenant knew, or in the exercise of reasonable care, should have known, of the existence of the alleged easement.

### III. EXISTENCE OF THE ALLEGED EASEMENT

Generally, the existence of an easement is a question of fact. *Searcy*, 372 N.E.2d 755. Powell argues they acquired a prescriptive drainage easement across Dawson's property. We disagree. However, it is undisputed neither Dawson, their predecessor, nor Powell, were aware of the existence of the field tiles that drained Powell's property until the subdivision's construction; consequently, there is not a genuine issue of material fact as to whether the easement arose by prescription, and, as a matter of law, it did not.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concurs.

---

dominant tenant did not acquire prescriptive easement); *Wolek v. DiFeo*, 60 N.J.Super. 324, 159 A.2d 127 (1960) (in action to enjoin use of sewer, where no reference to sewer easement in chains of title and neither property owner knew of common sewer, dominant tenant did not acquire prescriptive easement); *Offenhartz v. Heinsohn*, 30 Misc.2d 693, 150 N.Y.S.2d 78 (1956) (where dominant tenant brought action to enjoin interference with easement to maintain pipe line through property of servient tenant, no prescriptive easement was found where there was no evidence servient tenant was on notice of facts that would put her on inquiry as to existence of pipe line); *Cohn v. Williams*, 60 Pa.D. & C. 221 (1947) (where alleged easement not apparent, dominant tenant has burden of

showing use was adverse, and here dominant tenant failed to do that); *Maricle v. Hines*, 247 S.W.2d 611 (Tex.Civ.App.1952) (no prescriptive easement where absence of evidence that use of line was open or within servient tenant's knowledge, showing of original identity of lots, or evidence of signs that might have indicated presence of line).

For a case in which the court found there was a prescriptive easement, *see O'Conner v. Brodie*, 153 Mont. 129, 454 P.2d 920 (1969) (where dominant tenant regularly repaired and maintained water line and entered on servient tenement to make inspections and remove debris, and where fenced enclosure and intake system were observable, dominant tenant acquired prescriptive right).